

Brian M. Mumaugh
Phone (303) 290-1067
Fax (303) 290-1606
bmumagh@hollandhart.com

October 24, 2014

**VIA ECF**

Hon. Judge Brian M. Cogan
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Ruthbey Perez v. Frontier Airlines* (14-CV-5211 (BMC) (LB))

Dear Hon. Judge Cogan:

  We represent Defendant Frontier Airlines in the above-captioned matter. We respectfully submit this letter pursuant to Your Honor's Individual Practice Rule III.A.2 in support of our request for a pre-motion conference prior to filing a motion to dismiss Plaintiff Ruthbey Perez's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.[1]

A. **Background**

  Ms. Perez's complaint purports to state claims for race, national origin, and age discrimination under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. Although a copy of Ms. Perez's complaint does not appear on the CM/ECF docket, a file-stamped copy of the complaint as served upon Frontier is attached to this letter as an exhibit. *See* Ex. A.

  Ms. Perez's complaint was filed with this Court on September 3, 2014. *See* Dkt. No. 1. In her complaint, Ms. Perez alleges that she has not received a right-to-sue letter from the EEOC. Ex. A at ¶ 12. However, as an exhibit to her complaint, Ms. Perez attaches a right-to-sue letter dated May 15, 2014. *Id.* at 9. She also attaches a handwritten note that recites:

> I received the letter from the EEOC on 8/28/14 at midnight when I came home from work at the mailboxes in my apartment building. It was over flowing with all the residents mail. I believe that I did not receive this letter when I was supposed to because I have lived in three different apartments in the same building. At times my mail gets confused with different addresses on the building and sometimes the residents take along time to return the mail. I have proof of the different apartments that I have rented in the building.

---

[1] Pursuant to Hon. Magistrate Judge Bloom's Individual Practice Rule 4.B, we are filing this letter in compliance with Hon. Judge Cogan's Individual Practice Rules.

**Holland & Hart** LLP
Phone [303] 290-1600 Fax [303] 290-1606 www.hollandhart.com
6380 South Fiddlers Green Circle  Suite 500  Greenwood Village, CO  80111
Aspen   Boulder   Carson City   Colorado Springs   Denver   Denver Tech Center   Billings   Boise   Cheyenne   Jackson Hole   Las Vegas   Reno   Salt Lake City   Santa Fe   Washington, D.C.

*Id.* at 12.

**B. Basis for Frontier's Motion**

**1. Legal Standard**

In order to be timely, a claim under Title VII or the ADEA must be filed within 90 days of the claimant's receipt of a right-to-sue letter. *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996). It is normally assumed that a mailed document is received three days after its mailing, and that a notice provided by a government agency has been mailed on the date shown on the notice. *Id.* "If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Id.* at 526.

**2. Ms. Perez's September 3, 2014, Complaint Is Not Timely**

Pursuant to the presumptions above, Ms. Perez's right-to-sue letter is presumed to have been mailed on May 15, 2014 (the date listed on the letter), and it is presumed to have been received on May 18, 2014 (three days after its mailing). *Sherlock*, 84 F.3d at 525. Because Ms. Perez's complaint was filed on September 3, 2014, the complaint was filed 109 days after Ms. Perez is presumed to have received the letter – *i.e.*, 19 days after her filing deadline.

As recited above, Ms. Perez attaches a handwritten note to her complaint stating that she picked up her right-to-sue letter on August 28, 2014, from an overflowing mailbox. Ex. A at 12. Furthermore, she states that she "believe[s]" that she did not receive this letter earlier because she has lived in three different apartments in the same building; because "at times" her mail gets confused "with different addresses on the building;" and because residents sometime take a long time to return mail. *Id.*

Ms. Perez's handwritten note is not sufficient to overcome the presumptions recited above. It is not "sworn testimony or other admissible evidence" demonstrating untimely receipt of her right-to-sue letter. *Sherlock*, 84 F.3d at 525; *see also Johnson v. St. Barnabas Nursing Home*, 368 F. App'x 246, 248 (2d Cir. 2010) (plaintiff's "unsupported allegation that she received her EEOC right-to-sue letter on November 14, 2007, was not sufficient to rebut the applicable three-day presumption of receipt").[2] Regardless, even if Ms. Perez's explanation had

---

[2] Pursuant to Local Civil Rule 7.2, Frontier is attaching copies of all unpublished opinions cited in this letter as exhibits to the letter and serving them upon Ms. Perez. *See* Exs. B-D.



Hon. Judge Cogan
October 24, 2014
Page 3

been sworn, it would still constitute inadmissible speculation because she states no *facts* supporting her "belief" that the letter may have been delivered to the wrong apartment in her building.[3]

Notably, Courts in this circuit have repeatedly rejected arguments similar to Ms. Perez's. For instance, in *Demperio v. TSA Stores, Inc.*, 2012 WL 1468495, at *2 (N.D.N.Y. Apr. 27, 2012), the Court rejected a plaintiff's explanation that his "mailing address was different from his actual residence, and when he checked his mail 'mid-week of the week ending Saturday October 8, 2011[,] the EEOC letter was not included in the mail [he] picked up that day.'" Similarly, in *Berry v. Jetblue Airways*, 2013 WL 249392, at *4 (E.D.N.Y. Jan. 23, 2013), this Court rejected a plaintiff's explanation that he was not at home to receive a right-to sue-letter. The Court rejected this argument because the plaintiff's explanation did not "indicate that the notice was mailed after [the listed date] or that it took longer than three days to reach" him. *Id.*; *see also Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 218-19 (S.D.N.Y. 2010) (plaintiff not at home to receive letter; plaintiff's explanation "does not offer any evidence that the letter was not mailed on April 21, 2009, nor does she offer any evidence that it did not arrive in her mailbox three days later"). The same logic applies here. Ms. Perez's unsworn handwritten note does not indicate that her right-to-sue letter was mailed after May 15, 2014, or that it took longer than three days to arrive at her address.

In light of the foregoing, Frontier respectfully requests a pre-motion conference prior to filing a motion to dismiss Ms. Perez's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Respectfully submitted,

Brian M. Mumaugh
Holland & Hart, LLP
Attorneys for Defendant Frontier Airlines

---

[3] Notably, in contrast to Ms. Perez's suggestion that her letter was mailed to the wrong address, the address printed on Ms. Perez's right-to-sue letter, and the address listed in the caption of her complaint, are identical. *See* Ex. A at 1, 9 both (listing 41-46 50th Street, *Apt. 2B*).



Hon. Judge Cogan
October 24, 2014
Page 4

Affirmation of Service

I hereby certify that on this date, I caused a copy of the attached letter and all attached exhibits to be served upon Plaintiff Ruthbey Perez by mailing it, via U.S. Mail postage prepaid, to:

Ruthbey Perez
41-46 50th Street, Apt. 2B
Woodside, NY 11377

Respectfully submitted,

Brian M. Mumaugh
Holland & Hart LLP
6380 South Fiddlers Green Circle, Suite 500
Greenwood Village, CO 80111
bmmumaugh@hollandhart.com
(303) 290-1067

7274301_1