# Exhibit B

368 Fed.Appx. 246
This case was not selected for publication in the Federal Reporter.
United States Court of Appeals,
Second Circuit.

Felicia Pickett JOHNSON, Plaintiff-Appellant,
v.
ST. BARNABAS NURSING HOME, Defendant-Appellee,
Ronald Granger, Defendant.

No. 09-0069-cv.  |  March 5, 2010.

**Synopsis**
**Background:** Employee brought action against former employer, asserting claims under Title VII, the Americans with Disabilities Act (ADA), and state law. Defendants moved for judgment on the pleadings and dismissed employee's complaint as time-barred. The United States District Court for the Southern District of New York, Victor Marrero, J., 568 F.Supp.2d 399, granted motion and, 588 F.Supp.2d 465, denied reconsideration. Employee, pro se, appealed.

**Holding:** The Court of Appeals held that employee's unsupported and self-serving allegation that she did not receive her Equal Employment Opportunity Commission (EEOC) right-to-sue letter until two weeks after it was sent was not sufficient to rebut applicable presumption of receipt three days after mailing, and her complaint was untimely.

Affirmed.

West Headnotes (1)

**[1]    Civil Rights**
⚷Presumptions, Inferences, and Burden of Proof

78 Civil Rights
78IV Remedies Under Federal Employment Discrimination Statutes
78k1534 Presumptions, Inferences, and Burden of Proof
78k1535 In general

Employee's unsupported and self-serving allegation that she did not receive her Equal Employment Opportunity Commission (EEOC) right-to-sue letter until two weeks after it was sent was not sufficient to rebut applicable presumption of receipt three days after mailing; thus, her complaint filed more than 90 days after presumed receipt of that letter was untimely. Civil Rights Act of 1964, § 706(f)(1), 42 U.S.C.A. § 2000e-5(f)(1).

21 Cases that cite this headnote

**\*247** Appeal from the United States District Court for the Southern District of New York (Marrero, *J.*).
**UPON DUE CONSIDERATION,** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and hereby is **AFFIRMED.**

**Attorneys and Law Firms**

Felicia Pickett Johnson, New York, N.Y., pro se.

William D. Buckley, Garbarini & Scher, P.C., New York, N.Y., for Defendant-Appellee.

PRESENT: ROBERT A. KATZMANN, GERARD E. LYNCH, Circuit Judges, DENNY CHIN,[*] District Judge.

*SUMMARY ORDER*

Appellant Felicia Pickett Johnson, *pro se,* appeals from the district court's judgment granting the defendants' motion for judgment on the pleadings and dismissing her employment discrimination complaint as time-barred. We assume the parties' familiarity with the facts, proceedings below, and specification of issues on appeal.

This Court reviews a judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) de novo. See *Hardy v. New York City Health & Hosps. Corp.,* 164 F.3d 789, 792 (2d Cir.1999). The same standard applicable to Fed.R.Civ.P. 12(b)(6) motions to dismiss applies to Fed.R.Civ.P. 12(c) motions for judgment on the pleadings. *Sheppard v.*

Johnson v. St. Barnabas Nursing Home, 368 Fed.Appx. 246 (2010)

*Beerman,* 18 F.3d 147, 150 (2d Cir.1994). Thus, "a court must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant," and deny the motion "unless **\*248** it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* Furthermore, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Under Title VII and the Americans with Disabilities Act, a claim must be filed in federal court within 90 days of the plaintiff's receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(f)(1) (Title VII action must be brought within ninety days of notification of right to sue); *id.* § 12117(a) (adopting Title VII limitations period for the ADA). Absent sufficient evidence to the contrary, it is presumed that a plaintiff received his or her right to sue letter three days after its mailing. *See Sherlock v. Montefiore Med. Ctr.,* 84 F.3d 522, 525 (2d Cir.1996).

Here, Johnson's unsupported allegation that she received her EEOC right-to-sue letter on November 14, 2007, was not sufficient to rebut the applicable three-day presumption of receipt. *See Sherlock,* 84 F.3d at 526 ("[W]e would not regard the presence of a self-serving date-of-receipt notation ... as evidence rebutting the presumption that the letter was received three days after its typewritten date, unless the claimant also presented an affidavit or other admissible evidence of receipt on the noted date."). Accordingly, it is assumed that Johnson received the October 31, 2007 right-to-sue letter on November 3, 2007, requiring her to file her complaint on or before February 1, 2008. Her February 7, 2008 complaint was thus untimely.

We have considered all of Johnson's other arguments on appeal and have found them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**

**Parallel Citations**

2010 WL 744357 (C.A.2 (N.Y.))

Footnotes

\*   The Honorable Denny Chin, of the United States District Court for the Southern District of New York, sitting by designation.

End of Document                                         © 2014 Thomson Reuters. No claim to original U.S. Government Works.