HOLLAND & HART, LLP
Brian M. Mumaugh
Bradford J. Williams
6380 S. Fiddlers Green Cir., Suite 500
Greenwood Village, CO 80111
bmumaugh@hollandhart.com
bjwilliams@hollandhart.com
*Attorneys for Defendant, Pro Hac Vice*

PROSKAUER ROSE LLP
Edna Guerrasio
One Newark Center, 18th Floor
Newark, NJ 07102
eguerrasio@proskauer.com
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RUTHBEY PEREZ,

        Plaintiff,   **ANSWER**

   -against-

                                  14 CV 5211 (BMC) (LB)

FRONTIER AIRLINES,

        Defendant.
-----------------------------------------------------------X

      Defendant Frontier Airlines, Inc. ("Frontier"), by and through its undersigned counsel, Holland & Hart, LLP, and Proskauer Rose LLP, hereby files its Answer to Plaintiff Ruthbey Perez's ("Perez") Complaint and states as follows:

### AS TO THE FIRST PAGE OF THE COMPLAINT[1]

      Frontier admits that Perez purports to bring this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of

---

[1] The page numbers referenced herein refer to the CM/ECF page numbers file-stamped on top of each page Perez's complaint and related submissions – *e.g.*, "Page 1 of 14," etc.  Only pages one, three, seven, and twelve of Perez's complaint and related submissions contain substantive, unnumbered allegations to which responsive pleading is required.

1

1967, 29 U.S.C. §§ 621 *et seq.*, but denies that there exists any basis in law or fact for Perez's claims.

## AS TO THE THIRD PAGE OF THE COMPLAINT

Frontier admits that jurisdiction is conferred upon this Court by Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*, and denies that jurisdiction is appropriate under 42 U.S.C. §§ 1981, 1983, or 1985(3) because Perez has stated no claim thereunder.

## AS TO THE NUMBERED ALLEGATIONS OF THE COMPLAINT

1. Answering paragraph 1 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 1 and therefore denies the same.

2. Answering paragraph 2 of the Complaint, Frontier admits the allegations in paragraph 2.

3. Answering paragraph 3 of the Complaint, Frontier admits that Perez was employed by Frontier at the LaGuardia Airport in Flushing, New York, and except as is expressly admitted herein, denies the remaining allegations of paragraph 3.

4. Answering paragraph 4 of the Complaint, Frontier admits that Perez complains in this action about the alleged discriminatory conduct of termination of her employment, unequal terms and conditions of her employment, and retaliation, but denies that there exists any basis in fact or law for Perez's claims.

5. Answering paragraph 5 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 5 and therefore denies the same.

6. Answering paragraph 6 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 6 and therefore denies the same.

7. Answering paragraph 7 of the Complaint, Frontier denies that it discriminated against Perez on the basis of her race (Hispanic), her national origin (Colombian), or age (birth year 1956).  Frontier admits that Perez is more than 40 years old.

8. Answering paragraph 8 of the Complaint, Frontier responds to Perez's allegations as follows:

    a. Allegation: "I was repeatedly called old at my place of work by Angel Guerrero since I started work in 2007,"

    Response: Denied.

    b. Allegation: "The general manager Mr. David Montemarano accused me of not being able to work because of my age and would make comments about how he did not like Colombians and hispanics."

    Response: Denied.

    c. Allegation: "I was wrongly accused of checking the wrong passanger [*sic*] right before this occurred I had a meeting with Kim Zasksteigner the general manager for the entire airline."

    Response: Denied.

    d. Allegation: "Mr. Montemarano did not approve that I was having a private meeting with his boss."

    Response: Denied.

9. Answering paragraph 9 of the Complaint, Frontier states that no response is required.

10. Answering paragraph 10 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 10 and therefore denies the same.

11. Answering paragraph 11 of the Complaint, Frontier lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 11 and therefore denies the same.

12. Answering paragraph 12 of the Complaint, Frontier denies the allegations therein.

## AS TO THE SEVENTH PAGE OF THE COMPLAINT

Answering the allegations on page 7 of the Complaint, Frontier responds to Perez's allegations as follows:

a. Allegation: "Mr. Montemarano [illegible] make a case against me with the incentive that he will give them good recommendation to get a job with a different airline."

Response: Denied.

b. Allegation: "These five people can attest to this."

Response: Frontier lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

c. Allegation: "I called a meeting with Mr. Montemarano, these 5 employees, and human resources to dismiss this issue and a meeting never occurred."

Response: Denied.

    d.    <u>Allegation</u>: "I was a full-time working with seniority, I was demoted to part-time in my last year working their [*sic*], then given a notice that in 3 months my position would be terminated."

        <u>Response</u>: Admitted that Perez was a full-time worker sometime in 2012 and had some seniority; denied as to the remaining allegations.

    e.    <u>Allegation</u>: "Before the three months was up I was fired for being wrongly accused for checking the wrong passenger."

        <u>Response</u>: Denied.

    f.    <u>Allegations</u>: "I have proof that I checked the right passenger in."

        <u>Response</u>: Denied.

    g.    <u>Allegation</u>: "Part of the reason I feel that I was fired was that I had been with the company for 5 years and I was over 55 years old so I could have retired with full benefits."

        <u>Response</u>: Admitted that Perez was over 55 years old at the time of her termination; denied as to the remaining allegations.

    h.    <u>Allegation</u>: "I have included documents from this airline pertaining to this issue."

        <u>Response</u>: Admitted that Perez attached documents to her Complaint; denied as any characterization of these documents.

## **AS TO THE TWELFTH PAGE OF THE COMPLAINT**

Answering the allegations on page 12 of the Complaint, Frontier responds to Perez's allegations as follows:

    a.    <u>Allegation</u>: "I received the letter from the EEOC on 8/28/14 at midnight when I came home from work at the mailboxes in my apartment building."

       <u>Response</u>:  Frontier lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

b.    <u>Allegation</u>:  "It was over flowing with all the residents mail."

       <u>Response</u>:  Frontier lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

c.    <u>Allegation</u>:  "I did not receive this letter when I was supposed to because I have lived in three different apartments in the same building."

       <u>Response</u>:  Frontier lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

d.    <u>Allegation</u>:  "At times my mail gets confused with different addresses on the building and sometimes the residents take along [*sic*] time to return the mail."

       <u>Response</u>:  Frontier lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

e.    <u>Allegation</u>:  "I have proof of the different apartments that I have rented in the same building".

       <u>Response</u>:  Frontier lacks knowledge or information sufficient to form a belief as to this allegation and therefore denies the same.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiff failed to exhaust her administrative, statutory, and/or contractual remedies.

### **SECOND AFFIRMATIVE DEFENSE**

Plaintiff failed to state a claim upon which relief may be granted.

### **THIRD AFFIRMATIVE DEFENSE**

Defendant exercised reasonable care to prevent and promptly correct any harassing, discriminatory, and/or retaliatory behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

### FOURTH AFFIRMATIVE DEFENSE

Any actions taken concerning the Plaintiff were done for legitimate, and non-discriminatory, business reasons.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff interfered and/or refused to participate in Defendant's reasonable effort to investigate her charges, and is thereby estopped from asserting claims arising out of Defendant's alleged wrongful conduct.

### SIXTH AFFIRMATIVE DEFENSE

Claimant's damages are limited by any applicable statutory cap, including, but not limited to, the statutory cap set forth in 42 U.S.C. § 1981(a).

### SEVENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that discrimination, harassment, and/or retaliation occurred, Defendant took immediate and appropriate corrective action to stop any such alleged discrimination and/or retaliation.

### EIGHTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, that discrimination, harassment, and/or retaliation occurred, Defendant did not know, nor should Defendant have known, of the alleged discrimination, harassment or retaliatory conduct

### NINTH AFFIRMATIVE DEFENSE

Any acts or omissions attributed to Defendant in Plaintiff's Complaint were not willful in that Defendant did not know or show reckless disregard for whether its conduct violated the ADEA, and, thus, the applicable statute of limitations under the ADEA is two years and Plaintiff is not entitled to liquidated damages.

### TENTH AFFIRMATIVE DEFENSE

Punitive damages are unconstitutional in general and as applied to Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because the alleged misconduct would be contrary to Defendant's good faith efforts to comply with Title VII, 42 U.S.C. § 2000(e) *et seq.*

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are precluded by the statute of limitations and/or laches.

### THIRTEENTH AFFIRMATIVE DEFENSE

Assuming, *arguendo*, THAT Plaintiff's race, national origin, and/or age were a motivating factor for any employment practice, Defendant would have taken the same action in the absence of Plaintiff's alleged disability and/or national origin and/or his alleged complaints of discrimination and/or harassment.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, or her recoverable damages, if any, should be reduced, because she failed to take reasonable steps to mitigate her damages.

Dated: November 21, 2012

HOLLAND & HART LLP

By: /s/ Bradford J. Williams
Brian M. Mumaugh
Bradford J. Williams
6380 S. Fiddlers Green Cir., Suite 500
Greenwood Village, CO 80111
bmumaugh@hollandhart.com
bjwilliams@hollandhart.com
*Attorneys for Defendant, Pro Hac Vice*

PROSKAUER ROSE LLP

By: /s/ Edna Guerrasio
Edna Guerrasio
One Newark Center, 18th Floor
Newark, NJ 07102
eguerrasio@proskauer.com
*Attorneys for Defendant*

7330874_1

9